IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3176-D

| | | |
|---|---|---|
| LANCE ADAM GOLDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| N.C. PRISONER LEGAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 5, 2012, Lance Adam Goldman ("Goldman" or "plaintiff"), a state inmate proceeding pro se, filed suit pursuant to 42 U.S.C. § 1983 [D.E. 1]. Goldman seeks leave to proceed in forma pauperis [D.E. 2]. On November 13, 2012, Goldman filed a motion for voluntary dismissal [D.E. 6], which constitutes his sixth such dismissal in this district. See, e.g., Order [D.E. 8], Goldman v. Simmons, No. 5:12-CT-3118-F, at 1 n.1 (E.D.N.C. Oct. 10, 2012) (unpublished) (collecting cases); Order [D.E. 7], Goldman v. Webster, No. 5:11-CV-300-D (E.D.N.C. Dec. 14, 2011) (unpublished).[1]

A "plaintiff may dismiss an action without a court order by filing[] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In all other instances, "an action may be dismissed at [a] plaintiff's request only by court order." Fed. R. Civ. P. 41(a)(2). Defendants have not filed an answer or motion for summary judgment. Thus, plaintiff may voluntarily dismiss the action.

---

[1] Goldman has also incurred two "strikes" under the Prisoner Litigation Reform Act. See Order [D.E. 8], Goldman v. Simmons, No. 5:12-CT-3118-F (E.D.N.C. Oct. 10, 2012) (unpublished); Order [D.E. 7], Goldman v. Johnson, No. 5:11-CT-3031-D (E.D.N.C. Sept. 16, 2011) (unpublished), appeal dismissed, No. 11-7313 (4th Cir. Dec. 1, 2011) (unpublished).

In sum, the court GRANTS plaintiff's motion for voluntary dismissal [D.E. 6], and this action is DISMISSED without prejudice. The Clerk of Court shall close the case.

SO ORDERED. This **27** day of November 2012.

JAMES C. DEVER III
Chief United States District Judge

2